UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANCISCO BARBOSA and KAREN BARBOSA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:24-CV-1342-ZMB |
| GENERAL MOTORS, LLC, *d/b/a General Motors of Missouri, LLC*, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM & ORDER

Before the Court is Intervenor-Plaintiff Accident Fund General Insurance Company's Motion to Intervene. Doc. 38. Because Accident Fund is a non-diverse party, the Court cannot exercise jurisdiction over its claims. *See* 28 U.S.C. § 1367(b). Accordingly, the Court must deny Accident Fund's motion to intervene.

## BACKGROUND

In November 2019, Plaintiff Francisco Barbosa tripped over a wheel chock that was left unsecured in a poorly lit area of Defendant General Motors, LLC's warehouse.[1] Doc. 1 ¶¶ 22–23, 32. As the insurer for Barbosa's employer, Accident Fund paid out a worker's compensation benefits claim to Barbosa. Doc. 39 ¶ 2. In October 2024, Barbosa and his wife filed their Complaint, alleging that General Motors was negligent in its operation of the warehouse and that the various Thyssenkrupp Defendants were negligent in leaving the wheel chock unsecured at the time of his injury. Doc. 1 ¶¶ 26–46. The Complaint also asserts a loss-of-consortium claim against all Defendants. *Id.* ¶¶ 47–49.

---

[1] At this stage of the litigation, the Court "accept[s] as true all material allegations in the motion to intervene." *See Nat'l Parks Conservation Ass'n v. E.P.A.*, 759 F.3d 969, 973 (8th Cir. 2014).

In March 2025, Accident Fund moved to intervene under Federal Rule of Civil Procedure 24. Doc. 38. That motion asserts a right to intervene as Barbosa's subrogee for the negligence claims. Doc. 38 at 1. General Motors timely responded in opposition, Doc. 40, and Accident Fund did not file any reply brief. Several months later, Accident Fund filed its disclosure statement, confirming that it is a citizen of Michigan. Doc. 45. Significantly, Accident Fund shares citizenship with at least two Defendants: General Motors and Thyssenkrupp Supply Chain Services NA, Inc. *See* Doc. 33 ("General Motors LLC . . . [has] its principal place of business in Michigan."); Doc. 35 ("Defendant [] is a Michigan corporation with its principal place of business in Michigan.").

## LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides that a party may intervene as of right or with the Court's permission. However, intervention must comport with jurisdictional requirements. *Est. of McFarlin ex rel. Laass v. City of Storm Lake*, 277 F.R.D. 384, 388 (N.D. Iowa 2011) (collecting cases). As relevant here, the Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1); *see* Doc. 1 ¶ 15. The Court may further exercise supplemental jurisdiction over claims under state law when those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). But that same supplemental-jurisdiction statute provides that, if jurisdiction is solely founded on diversity, then the Court "shall not have supplemental jurisdiction under subsection (a) . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." *Id.* § 1367(b).

## DISCUSSION

Accident Fund fails to address jurisdiction in any of its filings. However, the only conceivable basis for the Court to consider its claims is supplemental jurisdiction. And there is no question that it shares citizenship with at least two of the defendants in this case, meaning it lacks complete diversity under 28 U.S.C. § 1332(a)(1). As a result, under the plain text of 28 U.S.C. § 1367(b), the Court cannot exercise supplemental jurisdiction over Accident Fund's claims. Indeed, a number of courts have applied this jurisdictional bar in similar contexts. *See Schwartz v. Cincinnati Life Ins.*, No. 4:19-CV-1875-AGF, 2019 WL 3934476, at *1 (E.D. Mo. Aug. 20, 2019) (collecting cases); *see also Mehedi v. Memry Corp.*, No. 3:17-CV-809 (CSH), 2017 WL 2873224, at *6 (D. Conn. July 5, 2017) (ordering a intervenor-plaintiff subrogee to disclose its citizenship to determine if the Court has jurisdiction under 28 U.S.C. § 1367(b)). Because the Court lacks jurisdiction to entertain Accident Fund's claims, the Court must deny its motion for intervention.

## CONCLUSION

Accordingly, the Court **DENIES** Intervenor-Plaintiff Accident Fund General Insurance Company's [38] Motion to Intervene.

So ordered this 13th day of November 2025.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE